By: /s/Wayne D. Lonstein
Wayne D. Lonstein, ESQ. (WL0807)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
NEWARK DIVISION

--------------------------------------------------------------------

**ZUFFA, LLC d/b/a Ultimate Fighting Championship,**

                              Plaintiff,

  -against-

                                                                 COMPLAINT

                                                                  Civil Action No.

DIANA J. HERNANDEZ, Individually, and as officer,
director, shareholder and/or principal of 167 FERRY ST 1
CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA
BAKERY,

and

167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a
NOAH EN VIVO+OLIVIA BAKERY,

                              Defendants.
-----------------------------------------------------------------------

      Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

-2-
## JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> a substantial part of the events or omissions giving rise to the claim occurred within Essex County, which is within the District of New Jersey, Newark Division (28 U.S.C. § 1391(b) and 28 U.S.C. §110).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of New Jersey and certain activities of Defendants giving rise to this action took place in the State of New Jersey; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the encrypted satellite, radio, wired or internet streamed (IPTV) broadcast within the State of New Jersey. Moreover, upon information and belief, Defendants have their principal place of business within the State of New Jersey; thus, this Court has personal jurisdiction over Defendants.

-3-
## THE PARTIES

5. The Plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of New Jersey.

6. Plaintiff is the owner of the UFC 317 - Topuria vs. Oliveira PPV Broadcast which occurred on June 28, 2025, including all undercard matches and the entire television Broadcast, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7. Upon information and belief, the Defendant, DIANA J. HERNANDEZ, resides at 75 Woodland Dr., Keyport, NJ 07735.

8. Upon information and belief, the Defendant, DIANA J. HERNANDEZ, was the officer, director, shareholder, and/or principal of 167 FERRY ST 1 CORP located at 167 Ferry St., Newark, NJ 07105. The New Jersey Secretary of State records reflect that DIANA J. HERNANDEZ is the Agent and Managing Member of 167 FERRY ST 1 CORP. Please see Exhibit "A" attached hereto.

9. Upon information and belief, the Defendant, DIANA J. HERNANDEZ, was the individual with supervisory capacity and control over the activities occurring within the establishment known as 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY, located at 167 Ferry St., Newark, NJ 07105.

10. Upon information and belief, the Defendant, DIANA J. HERNANDEZ, received a financial benefit from the operations of 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY, on June 28, 2025.

-4-

11. Upon information and belief, Defendant, DIANA J. HERNANDEZ, was the individual with close control over the internal operating procedures and employment practices of 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY, on June 28, 2025.

12. Upon information and belief, the Defendant, 167 FERRY ST 1 CORP, is a domestic corporation licensed to do business in the State of New Jersey and as was doing business as under the trade or fictitious name 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY.

13. Upon information and belief, the Defendant, 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY, is located at 167 Ferry St., Newark, NJ 07105, and had a lawful occupancy capacity of approximately 101-125 people on June 28, 2025.

14. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative, illegal and illicit means and exhibiting within VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY located at 167 Ferry St., Newark, NJ 07105 on or about June 28, 2025.

## COUNT I

15. Plaintiff hereby incorporates by reference all the allegations contained in paragraphs "1" through "14," inclusive, as though set forth herein at length.

16. Plaintiff's Broadcast originated via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology over the internet

-5-

(IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

17. Plaintiff,, entered into licensing agreements with numerous businesses in the State of New Jersey, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled commercial establishments to access and display a decrypted signal of the Broadcast.

18. The Broadcast was also available for non-commercial, private viewing via Cable and Satllite television and via internet on the UFC and/or ESPN website and/or app. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts in a multitude of ways including but not limited to acessing the programming through illegal streaming apps or websites, without proper authorization, or accessing the broadcast by misrepresenting their commercial status and ordering a residential version of the broadcast at rates, which are greatly discounted compared to the rates required for commercial entities. Thereafter upon information and belief the Defendants exhibited the broadcast for commercial benefit and gain.

19. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **<u>non-commercial, personal use only</u>**.

20. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their

-6-

agents, servants, workmen or employees, without paying a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted signal and did exhibit the Broadcast at 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY located at 167 Ferry St., Newark, NJ 07105 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

21. Upon information and belief, Plaintiff alleges that Defendants engaged in the illegal interception and receipt of Plaintiff's Broadcast and subsequently displayed it in the commercial establishment known as 167 FERRY ST 1 CORP d/b/a VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY located at 167 Ferry St., Newark, NJ 07105. such action willfull and for purposes of direct or indirect commercial advantage or private financial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendants.

22. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

23. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent

-7-

residence into a business establishment, decrypting unscrambling and receiving the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business. (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technology, used for the delivery of content via the internet, (5) Live or near-live Social Media Streaming or (6) Live Streaming Apps.  The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

24. Each of the above-described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the way Defendants obtained the Broadcast.  However, it is logical to conclude that Defendants utilized one or more of the above-described methods intercept and exhibit the encrypted Broadcast within VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY located at 167 Ferry St., Newark, NJ 07105 without a license and without paying a license fee.

25. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

26. By reason of the conduct, the Defendants willfully violated 47 U.S.C. §605 (a).

27. By reason of the Defendants violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

-8-

28. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

29. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

30. Plaintiff hereby incorporates paragraphs "1" through "29" as though fully set forth herein.

31. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or their agents, servants, workmen or employees exhibited the Broadcast at the VIVO TAPAS a/k/a NOAH EN VIVO+OLIVIA BAKERY at the time of its transmission willfully, and for purposes of direct or indirect commercial advantage or private financial gain.

32. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

. Upon information and belief, the Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

34. By reason of the conduct, all of the aforementioned Defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

-9-

35. As a result of the aforementioned Defendants' violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under §553(c)(3)(A)(ii), enhanced damages under 553(c)(3)(B) and the recovery of reasonable attorney's fees and costs under §553(c)(2)(C).

## COUNT III

37. Plaintiff hereby incorporates paragraphs "1" through "36" as though fully set forth herein.

38. Plaintiff, is the copyright owner of the broadcast, including all undercard matches and the entire television Broadcast of UFC 317 - Topuria vs. Oliveira PPV on June 28, 2025. The Certificate of Registration was filed with the U.S. Copyright Office on August 14, 2025 with Registration # **PA 2-545-857.**

39. Defendants never obtained the proper authority or license from Plaintiff, or its exclusive commercial distributor, Joe Hand Promotions, Inc., to publicly exhibit the UFC 317 - Topuria vs. Oliveira PPV Broadcast.

40. Upon information and belief, the Defendants and/or their agents, servants, workers and employees unlawfully obtained the program through fraud and/or intercepted the Broadcast, thereby enabling Defendants to publicly exhibit the Broadcast without obtaining a license for public performance or paying the appropriate licensing fee.

41. By reason of the conduct, the Defendants willfully violated 17 U.S.C. §501(a).

42. By reason of the Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

-10-

43. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

44. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendant, *jointly and severally,* granting Plaintiff the following:

(a) Declare that Defendant's unauthorized exhibition of the June 28, 2025, UFC 317 - Topuria vs. Oliveira PPV Broadcast**,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain,

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

-11-

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).; and

(f) On the third cause of action, actual damages in an amount, in the discretion of this Court, against Defendants, , statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

 (h) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

-12-

Dated: February 13, 2026
      Ellenville, New York

**ZUFFA, LLC d/b/a Ultimate Fighting Championship**

By: <u>/s/Wayne D. Lonstein</u>
Wayne D. Lonstein, ESQ. (WL0807)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 S Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277
Email: Legal@signallaw.com
*Our File No. ZU25-07NJ-01*